142 F.3d 447
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Kenneth W. WALKER, Defendant-Appellant.
 No. 96-50598.
D.C. No. CR-96-00064-LEW.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 23, 1998.
 
 1
 Appeal from the United States District Court for the Central District of California, Laughlin E. Waters, District Judge, Presiding.
 
 
 2
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit JJ.
 
 
 3
 MEMORANDUM*
 
 
 4
 Kenneth W. Walker appeals his conviction for embezzlement from an Indian organization, in violation of 18 U.S.C. § 1163. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 5
 Walker contends that the Federal Enclave Act, 18 U.S.C. § 1152, deprived the district court of jurisdiction because federal jurisdiction over criminal offenses occurring between Indians in Indian country extends only to those crimes enumerated in the Major Crimes Act, 18 U.S.C. § 1153. We review de novo, see United States v. Begay, 42 F.3d 486, 497 (9th Cir.1994), and reject Walker's contention.
 
 
 6
 "Ninth Circuit law clearly allows Indians to be charged under federal criminal statutes of nationwide applicability if the charge is not otherwise affected by federal enclave law (e.g. the Major Crimes Act, § 1153), or if Indians have not been particularly excluded, either expressly or impliedly, from the statutes' application." Begay, 42 F.3d at 500 (citation omitted). Section 1163 is a federal criminal statute of nationwide applicability because it makes embezzlement from an Indian tribal organization criminal regardless of where it is committed. See 18 U.S.C. § 1163 (1994). Furthermore, Indians are neither expressly nor impliedly excluded from the statute's application. See id. Accordingly, the district court had subject matter jurisdiction. See Begay, 42 F.3d at 497.
 
 
 7
 Walker also contends that the district court erred by failing to give his proposed good faith jury instruction. We disagree because the jury was adequately instructed on the government's burden of proving specific intent beyond a reasonable doubt. See United States v. Lorenzo, 995 F.2d 1448, 1455 (9th Cir.1993) (defendant not entitled to requested good faith instruction where court adequately instructs on specific intent).[1]
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent that Walker asks us to revisit our decision in Lorenzo, we decline the request. A panel of this court not sitting en banc lacks authority to overturn prior Ninth Circuit precedent. See United States v. Lucas, 963 F.2d 243, 247 (9th Cir.1992)